IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| LUKE NUTTALL, | § | |
|    PLAINTIFF, | § | |
| | § | |
| V. | § | CASE NO. 3:20-CV-3342-M-BK |
| | § | |
| DALLAS INDEPENDENT SCHOOL | § | |
| DISTRICT, | § | |
|    DEFENDANT. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3,* this case was referred to the United States magistrate judge for pretrial management. Doc. 4. Before the Court is *Defendant Dallas Independent School District's Motion to Dismiss Plaintiff Luke Nuttall's First Amended Complaint with Brief in Support.* Doc. 9. Upon review, the motion should be **GRANTED**.

**I. BACKGROUND**

Plaintiff Luke Nuttall ("Nuttall"), proceeding *pro se*, filed suit in state court against the Dallas Independent School District ("DISD"), his former employer, alleging a variety of federal and state claims arising out of his employment contract and DISD's allegedly illegal compensation practices.[1] Doc. 1 at 1, 7-11. DISD removed the case to this Court based on

---

[1] While DISD argues Nuttall has alleged a class action, as well as claims under the federal Fair Labor Standards Act and the Americans With Disabilities Act—and the original complaint appears to support that conclusion—Nuttall responds that he did not raise any such claims. Doc. 14 at 8, 11, 14. Thus, to the extent those claims were asserted, the Court deems them abandoned. Similarly, though Nuttall asserts state claims for fraudulent misrepresentation, fraud, and intentional infliction of emotional distress, he does not defend them in his response. Thus, the Court deems these claims abandoned as well. *See Black v. N. Panola Sch. Dist.*, 461 F.3d 584, 588 n.1 (5th Cir. 2006) (holding that plaintiff's failure to defend claim in response to defendant's motion to dismiss constituted abandonment).

federal question jurisdiction and Nuttall filed an amended complaint. *See* Doc. 1; Doc. 7. In his First Amended Complaint, Nuttall alleges that DISD illegally reduced his and other teachers' salaries to minimize the use of funds allocated for paying teachers so as to reallocate the unused funds for other, unauthorized purposes. Doc. 7 at 7. He further alleges that DISD breached his employment contract by "changing" his starting date and pay rate, thereby reducing his overall compensation. Doc. 7 at 3-4. Nuttall also appears to raise a whistleblower claim, alleging he reported DISD's purportedly illegal actions to various state agencies and that DISD retaliated by disabling his electronic credentials. Doc. 7 at 9-11. He seeks declaratory and injunctive relief, an order of mandamus, damages, and attorney's fees. Doc. 1-1 at 10-11. The instant motion, seeking dismissal under Rule 12(b)(1) and 12(b)(6), followed. Doc. 9.

## II. APPLICABLE LAW

A motion to dismiss under Rule 12(b)(1) challenges a federal court's subject matter jurisdiction. *See* FED. R. CIV. P. 12(b)(1). A court must dismiss a complaint if it lacks subject-matter jurisdiction. *In re FEMA Trailer Formaldehyde Prods. Liab. Litig.*, 668 F.3d 281, 286 (5th Cir. 2012). A plaintiff always has the burden to show jurisdiction exists. *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001) (citation omitted). If a claim lacks subject matter jurisdiction, a court can dismiss it based on: "(1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Williamson v. Tucker*, 645 F.2d 404, 413 (5th Cir. 1981).

A plaintiff fails to state a claim for relief under Rule 12(b)(6) when the complaint does not contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In making this determination, the court accepts "all well-

2

pleaded facts as true, viewing them in the light most favorable to the [non-moving party]." *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (internal quotation marks and citations omitted). However, the court cannot "accept as true conclusory allegations or unwarranted deductions of fact." *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000) (internal citation and quotation marks omitted). To survive a motion to dismiss, [a party's] factual allegations "must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555 (internal citations and footnote omitted).

When a Rule 12(b)(1) motion is filed in conjunction with a Rule 12(b)(6) motion, courts must consider the jurisdictional challenge first. *Wolcott v. Sebelius*, 635 F.3d 757, 762 (5th Cir. 2011); *Moran v. Kingdom of Saudi Arabia*, 27 F.3d 169, 172 (5th Cir. 1994).

### III. ANALYSIS

#### A. Misappropriation of Public Funds

DISD argues that the Court lacks jurisdiction to hear Nuttall's misappropriation of public funds claim as he is not a Dallas County taxpayer, noting the Collin County address he lists in his pleadings. Doc. 9 at 15. In his response, Nuttall does not deny that he is not a Dallas County taxpayer, but argues that he nevertheless has been damaged by DISD's actions and thus has standing. Doc. 14 at 9. He further asserts that he does not seek to enjoin "the illegal spending of public funds on any illegal activities stated in the complaint, but rather enforce the spending of funds which are required to be spent as fair compensation." Doc. 14 at 9.

Standing is a constitutional prerequisite to maintaining suit in either federal or state court. *Williams v. Lara*, 52 S.W.3d 171, 178 (Tex. 2001) (citing *Hunt v. Bass*, 664 S.W.2d 323, 324 (Tex. 1984). "As a general rule of Texas law, to have standing, unless it is conferred by statute,

3

a plaintiff must demonstrate that he or she possesses an interest in a conflict distinct from that of the general public, such that the defendant's actions have caused the plaintiff some particular injury." *Lara*, 52 S.W.3d at 178 (citing *Hunt*, 664 S.W.2d at 324)  However, [t]axpayers in Texas have standing to enjoin the illegal expenditure of public funds and need not demonstrate a particularized injury. *Id*. at 180.  To qualify as a taxpayer, a plaintiff must show that they pay taxes to the governmental entity allegedly using funds for an illegal activity. *Id*. at 181.  Paying sales taxes is not enough to establish standing—a party must pay property taxes, or other similar taxes that evince a personal stake in how the funds at issue are expended, to an entity to establish jurisdiction to sue that entity. *Id*. at 180.  Here, Nuttall claims DISD violated the Texas Education Code statute governing authorized expenditures by using funds designated for salaried teachers to pay substitute teachers.  *See* TEX. EDUC. CODE § 45.105; Doc. 7 at 6..  To bring such a claim, he must first show he pays taxes to DISD, which he cannot.  Because Nuttall lacks standing to sue DISD for misappropriation of public funds, the Court lacks jurisdiction to hear this claim, and it should be dismissed. *In re FEMA Trailer Formaldehyde Prods. Liab. Litig.*, 668 F.3d at 286.

**B. Breach of Contract**

DISD argues Nuttall's breach of contract claims should be dismissed for lack of jurisdiction because he failed to exhaust his administrative remedies prior to filing suit. Doc. 9 at 18-19.  Nuttall responds that he pled in his second amended complaint that he appealed to the Texas Commissioner of Education ("Commissioner") as required before filing suit. Doc. 14 at 9. Nuttall's second amended complaint has since been stricken, Doc. 36, however, so it is of no relevance to this analysis.

4

Under Texas law, before filing suit for breach of an employment contract, a school district employee is required to exhaust his administrative remedies. *Carter v. Gibson*, No. 4:10-CV-825-Y, 2011 WL 1515049, at *6 (N.D. Tex. April 20, 2011) (Means, J.) (citing *N.E. Indep. Sch. Dist. v. Kelley*, 277 S.W.3d 442, 444-45 (Tex. App.—San Antonio 2008, no pet.). To exhaust administrative remedies, "a person may appeal in writing to the [C]ommissioner]if the person is aggrieved by… a provision of a written employment contract between the school district and a school district employee, if a violation causes or would cause monetary harm to the employee." TEX. EDUC. CODE § 7.057(a)(2)(B). Further, the Texas Supreme Court has interpreted the option of appealing to the Commissioner under § 7.057(a) as requirement before an aggrieved person may resort to filing suit. *Clint Indep. Sch. Dist. v. Marquez*, 487 S.W.3d 538, 545 (Tex. 2016).

Nuttall has not alleged exhaustion in the operative first amended complaint. He states "[t]he grievance process was completed" and avers—

> The Texas Commissioner of Education is not required to hear these matters as an administrative remedy, contrary to the objections of the Defendant; "A person is not required to appeal to the commissioner before pursuing a remedy under [law]" [Texas Education Code 7.057(a-1)]. Thus, administrative remedies have been exhausted.

Doc. 7 at 2 (brackets in original)

For the reasons stated above, Nuttall is incorrect. *See Clint Indep. Sch. Dist.*, 487 S.W.3d at 545. Moreover, it is clear from his allegations in the operative complaint that he did not petition the Commissioner. Failure to exhaust is an affirmative defense, and "[a] court should . . dismiss a case only if an affirmative defense or other bar to relief appears on the face of the complaint. *Garrett v. Commonwealth Mortg. Corp. of Am.*, 938 F.2d 591, 594 (5th Cir. 1991) (citing *Landry v. Air Line Pilots Ass'n Int'l AFL–CIO*, 901 F.2d 404, 435 (5th Cir. 1990)). Thus,

because on the face of the operative complaint it is clear that Nuttall has failed to exhaust his administrative remedies, his breach of contract claim should be dismissed.

**C. Texas Whistleblower Act**

DISD asks the Court to dismiss Nuttall's Texas Whistleblower claim because he did not allege (1) the violation of a specific law or (2) that he made a report to the appropriate authority and, without alleging both, Nuttall cannot overcome DISD's governmental immunity from suit. Doc. 9 at 22-23; *see Alamo Heights Indep. School Dist. v. Clark*, 544 S.W.3d 755, 770 (Tex. 2018). ("Governmental units, including school districts, are immune from suit unless the state consents."). In his response, Nuttall disputes who the correct authority to submit a report to is and does not indicate what law he posits was violated. Doc. 14 at 11-12

DISD is correct that a whistleblower's report must assert both an actual violation of law and be reported to an appropriate authority. *State v. Lueck*, 290 S.W.3d 876, 885-86 (Tex. 2009, reh'g denied). A report that does not do so fails to overcome DISD's governmental immunity from suit. *See Galveston Indep. School Dist. v. Jaco*, 303 S.W.3d 699, 700 (Tex. 2010) (holding that whether a plaintiff reported a violation of law to an appropriate authority, and thus waived governmental immunity, is a jurisdictional question). Thus, the Court lacks jurisdiction to consider this claim.

Alternatively, under the same analysis, Nuttall has failed to state a claim. To state a claim under the Texas Whistleblower Act, Nuttall must allege that (1) he is a public employee, (2) he acted in good faith, (3) his report involved a violation of law, (4) the violation was by DISD, (5) he made the report to the appropriate authority, and (6) that he suffered retaliation because of his report. *Id.* at 738. Because Nuttall did not plead that he reported a violation of

law and made the report to the appropriate authority, his pleading is deficient. Thus, his claim under the Texas Whistleblower Act should be dismissed.

**D. Texas Public Information Act**

Nuttall also seeks a writ of mandamus compelling DISD to produce information in response to his public information act requests. Doc. 7 at 7-8. DISD argues that Nuttall (1) has wholly failed to identify the requests to which he seeks to compel answers and (2) is legally barred from mandamus relief based on some of his allegations. Doc. 9 at 28-30. Nuttall responds that he is entitled to a "general mandamus" and also a mandamus specifically under Texas Government Code section 552.321. Doc. 14 at 12-13.

Nuttall provides no authority for the "general mandamus" of state officials by a federal court. Moreover, DISD is correct that Nuttall's pleading falls far short of warranting mandamus relief under § 552.321. Simply, a court cannot determine whether a writ of mandamus should issue for the production of public records, without knowledge of the records requested. *See Jackson v. Texas Southern University*, No. H-11-4092, 2013 WL 593412, *5-7 (S.D. Tex. Feb. 14, 2013) (dismissing claim when plaintiff failed to identify her specific requests for public information or what documents were withheld). Here, Nuttall has failed to plead specifically what requested documents were withheld. Further, his conclusory allegations are devoid of factual support that would permit any inference regarding the identity of the information and documents sought. *See* Doc. 7 at 12. Thus, he fails to state a claim for relief, and his claim for "general" mandamus and mandamus under the Texas Public Information Act should be dismissed.

### E. Declaratory and Injunctive Relief

Nuttall seeks a declaratory judgment on a number of issues. Doc. 7 at 11. DISD argues Nuttall has no right to declaratory relief because all relief he requests in a declaratory judgment can be obtained through his other claims. Doc. 9 at 31-32. Nuttall responds that he can obtain declaratory relief regardless of the status of his other claims. Doc. 14 at 14.

When a declaratory judgment action filed in state court is removed to federal court, that action is converted into one brought under the federal Declaratory Judgment Act. *Lakiesha v. Bank of N.Y. Mellon*, No. 3:15-CV-0901-B, 2015 WL 5934439, at *12 (N.D. Tex. Oct. 9, 2015) (Boyle, J.). Likewise, injunctive relief is an "equitable remedy, not an independent cause of action." *Puente v. CitiMortgage, Inc.*, No. 11-CV-2509, 2012 WL 4335997, at *7 (N.D. Tex. Aug. 29, 2012) (Godbey, J.) (citation omitted). Because all of Nuttall's substantive claims fail for the reasons outlined here, his remaining requests for common law injunctive relief and relief under the federal Declaratory Judgment Act do so as well. *See Schilling v. Rogers*, 363 U.S. 666, 677 (1960) (holding that availability of declaratory judgment "presupposed the existence of a judicially remediable right"); *Thomas v. EMC Mortg. Corp.*, 499 Fed. Appx. 337, 343 (5th Cir. 2012) (holding that when a court dismisses all underlying substantive claims in a suit, any requests for injunctive relief necessarily fail).

### F. Leave to Amend

A court may dismiss claims that fail to meet the pleading requirements but "should not do so without granting leave to amend, unless the defect is simply incurable or the plaintiff has failed to plead with particularity after being afforded repeated opportunities to do so." *Hart v. Bayer Corp.*, 199 F.3d 239, 248 n.6 (5th Cir. 2000). *Pro se* litigants in particular should be

8

offered an opportunity to amend a complaint before it is dismissed. *Brewster v. Dretke*, 587 F.3d 764, 767-68 (5th Cir. 2009).

Nuttall seeks leave to amend his complaint if the Court finds his claims do not meet the pleading requirements. Doc. 14 at 2. Because of his *pro se* status and previous unsuccessful attempt to amend, he should be given the opportunity to cure the deficiencies noted herein (excluding the abandoned claims). *See* FED. R. CIV. P. 15(a) (leave to amend should be freely given). **However, Nuttall is admonished, pursuant to Federal Rule of Civil Procedure 11, that:**

> **By presenting to the court a pleading, written motion, or other paper—- whether by signing, filing, submitting, or later advocating it—an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:**
>
> **(1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;**
>
> **(2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;**
>
> **(3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and**
>
> **(4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information**.

FED. R. CIV. P. 11. Failure to comply with this rule may result in the imposition of sanctions, which can include monetary penalties and a requirement to pay the attorneys' fees and costs of Defendant. *Id*.

## IV. CONCLUSION

Accordingly, *Defendant Dallas Independent School District's Motion to Dismiss Plaintiff Luke Nuttall's First Amended Complaint*, Doc. 9, should be **GRANTED**. Nuttall's claims that the Court has deemed abandoned: class action, Fair Labor Standards Act, Americans With Disabilities Act, fraudulent misrepresentation, fraud, and intentional infliction of emotional distress should be **DISMISSED WITH PREJUDICE**. However, Nuttall's remaining claims should be **DISMISSED WITHOUT PREJUDICE** to him filing a second amended complaint that cures the deficiencies noted herein. If within 14 days of the Chief District Judge's order accepting this recommendation, Nuttall fails to amend his complaint to cure the deficiencies noted herein, at the re-urging of DISD, those claims likewise should be **DISMISSED WITH PREJUDICE** and this case closed.

**SO RECOMMENDED** on September 1, 2021.

RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). To be specific, an objection must identify the finding or recommendation to which objection is made, state the basis for the objection, and indicate the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n,* 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).