IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| LUKE NUTTALL, | § | |
|     PLAINTIFF, | § | |
| | § | |
| V. | § | CASE NO. 3:20-CV-3342-M-BK |
| | § | |
| DALLAS INDEPENDENT SCHOOL DISTRICT, | § § | |
|     DEFENDANT. | § § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3*, this case was referred to the undersigned United States magistrate judge for pretrial management. Doc. 4. Now before the Court is *Defendant Dallas Independent School District's Motion to Dismiss Plaintiff Luke Nuttall's Second Amended Complaint and Brief in Support*, Doc. 55. For the reasons that follow, the motion should be **GRANTED IN PART**.

    **I. BACKGROUND**

Plaintiff filed this *pro se* civil action in state court against the Dallas Independent School District ("Defendant"), his former employer. Doc. 1 at 1. Defendant removed the case to this Court based on federal question jurisdiction stemming from Plaintiff's claim that Defendant violated the Fair Labor Standards Act (FSLA). Doc. 1. Plaintiff subsequently filed his *First Amended Complaint,* Doc. 7, which Defendant moved to dismiss. Doc. 9. The motion to dismiss was granted in part on September 27, 2021, but Plaintiff was granted leave to file a second amended complaint as to the dismissed claims. Doc. 44. Plaintiff filed his *Second Amended Complaint* ("operative complaint") on June 22, 2022, again alleging claims arising

from Defendant's compensation practices and Plaintiff's employment contract. Doc. 54 at 2, 7, 10. In response, Defendant filed the instant motion under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), seeking dismissal of all of Plaintiff's claims.

## II. STANDARD OF REVIEW

As applicable here, a plaintiff fails to state a claim for relief under Rule 12(b)(6) when the complaint does not contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In making this determination, "the court accepts 'all well-pleaded facts as true, viewing them in the light most favorable to the [non-moving party].'" *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (internal quotation and citations omitted). However, the court cannot "accept as true conclusory allegations or unwarranted deductions of fact." *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000) (internal citation and quotation omitted). To survive a motion to dismiss, a party's "[f]actual allegations must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555 (internal citations and footnote omitted).

## III. PLAINTIFF'S FAIR LABOR STANDARDS ACT CLAIM FAILS

In his only federal cause of action, Plaintiff alleges in the operative complaint that, *inter alia*, Defendant failed to pay its teachers the minimum wages required by the Fair Labor Standards Act ("FSLA").[1] Doc. 54 at 3-7. Defendant argues that Plaintiff, "as a teacher, is an exempt 'professional' employee under [the FLSA]"; thus, the salary, minimum salary, and deductions provisions of the FLSA do not apply to him. Doc. 55 at 14-15. In reply, Plaintiff

---

[1] While Defendant construes the operative complaint as seeking to bring a class action lawsuit, Doc. 55 at 11, Plaintiff denies seeking such relief. Doc. 57 at 3.

acknowledges the teachers' exempt status under the FSLA but contends his claim relies on 29 C.F.R. § 541.204, which governs school administrative employees.[2] Doc. 57 at 2.

While the parties discuss the applicability of the exemption under 29 C.F.R. § 541.204 at length, there is a more obvious problem with Plaintiff's FLSA claims; he does not allege that Defendant paid him less than the minimum wage or failed to pay him overtime as the FLSA requires. Rather, Plaintiff frames his claim in terms of Defendant's alleged failure to pay him "in accordance with the minimum salary established by the state" and set forth in the Texas Education Code ("TEC"). Doc. 54 at 6; *see also* Doc. 54 at 4 ("each school district shall pay a monthly salary to each classroom teacher . . . that is at least equal to the following monthly salary or the monthly salary determined by the commissioner . . ."); Doc. 54 at 7 ("Defendant has an established policy whereby any non-exempt employee must be paid at an overtime rate for any work performed during a catastrophe, such as the COVID pandemic."). Plaintiff thereby improperly conflates the FLSA with the salary requirements of the TEC. And because Plaintiff does not allege Defendant violated either the FLSA's minimum wage or overtime hour provisions, he simply fails to state a FLSA claim.

Even if Plaintiff had properly alleged FSLA violations, teachers are generally exempt from the FLSA requirements. *See* 29 C.F.R. § 541.600(e) ("the compensation requirements in this section shall not apply to employees engaged as teachers"); 29 C.F.R. § 541.303 (listing the teaching professionals exempted from the salary requirements). Moreover, Plaintiff's reliance on section 541.204 is misplaced, as it applies to exempt "administrative" school employees

---

[2] Under the FLSA, employers must pay employees a minimum hourly wage of $7.25 and provide overtime compensation for employees who work more than 40 hours per week. 29 U.S.C. §§ 206(a), 207(a)(1). These requirements, however, do not apply to "bona fide executive, administrative, or professional" employees. 29 U.S.C. § 213(a)(1).

whose "primary duty is performing administrative functions directly related to academic instruction or training." 29 C.F.R. § 541.204. Plaintiff does not allege he performed such duties. Indeed, he repeatedly identifies himself as a teacher. Doc. 54, *passim*; *cf.* 29 C.F.R. § 541.303(a) (providing that the FLSA's bona fide professional exemption applies to "any employee with a primary duty of teaching, tutoring, instructing or lecturing in the activity of imparting knowledge").

Ordinarily, a *pro se* plaintiff should be granted leave to amend his complaint before dismissal. *Brewster v. Dretke,* 587 F.3d 764, 767-68 (5th Cir. 2009). But leave to amend is not required when a plaintiff has already pled his best case. *Id. (quo*tation omitted).

The Court previously granted Defendant's motion to dismiss Plaintiff's FSLA claim, deeming it abandoned. Doc. 37 at 10. Nevertheless, the Court permitted Plaintiff to amend with the explicit instruction to follow the guidance in the Findings, Conclusions, and Recommendation. Doc. 44. For the reasons outlined here, Plaintiff's amended FSLA claim nonetheless fails. Indeed, Plaintiff has had multiple opportunities to sufficiently state his claims, including his FSLA claim. Thus, the Court concludes that Plaintiff has pled his best case, and an additional grant of leave to amend would be futile or cause needless delay.

Thus, Plaintiff's FLSA claim should be **DISMISSED WITH PREJUDICE** for failure to state a legally cognizable claim.

### IV. THE COURT SHOULD DECLINE TO EXERCISE PENDENT JURISDICTION OVER REMAINING STATE CLAIMS.

The Court should decline to exercise jurisdiction over Plaintiff's remaining state law causes of action. As at the time of the removal of this case from state court on the basis of federal question jurisdiction, Doc. 1, Plaintiff's only federal cause of action alleged in the operative complaint is a violation of the FSLA. Plaintiff's remaining claims arise under Texas

statutory and common law, to-wit: (1) the Texas Whistleblower Act, codified at TEX. GOV'T. CODE § 554.002; (2) the Texas Public Information Act, codified at TEX. GOV'T CODE § 552.321(a); (3) breach of contract; and (4) non-substantive claims for declaratory and injunctive relief.³

Federal courts may, under limited circumstances, exercise jurisdiction over state law claims:

> [I]n any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

28 U.S.C. § 1367(a). However, a district court may also decline to exercise supplemental jurisdiction if the court has dismissed all claims over which it had original jurisdiction. 28 U.S.C. § 1367(c)(3). Indeed, "[w]hen a court dismisses all federal claims before trial, the general rule is to dismiss any pendent claims." *Bass v. Parkwood Hosp.*, 180 F.3d 234, 246 (5th Cir. 1999) (citing *Wong v. Stripling*, 881 F.2d 200, 204 (5th Cir. 1989)). *See also Enochs v. Lampasas Cnty.*, 641 F.3d 155, 161 (5th Cir. 2011) (stating that the district court should reconsider its jurisdiction over "state law claims as of the moment" the federal claims are deleted from the case).

---

³ Plaintiff also alleges fraudulent misrepresentation, fraud, intentional infliction of emotional distress, as well as violations of Chapter 21 of the Texas Education Code and subsection 552 of the Texas Public Information Act. Doc. 54 at 3, 8-9. However, because he fails to defend them in his responsive brief, *see* Doc. 57, the Court presumes they are abandoned. *See Black v. N. Panola Sch. Dist.*, 461 F.3d 584, 588 n.1 (5th Cir. 2006) (finding that a plaintiff's failure to defend a claim in response to a defendant's motion to dismiss constituted abandonment). In any event, neither constitutes a federal cause of action. Further, as an aside, Plaintiff also states that Defendant violated the Texas Whistleblower Act by terminating him in retaliation for his complaints about Defendant's "violations of the FLSA, FOIA, and other laws *not currently before the court*," Doc. 54 at 10 (emphasis added).

5

In determining whether to retain supplemental jurisdiction over a remaining state court claim, a federal court considers both statutory and common law factors. *Id*. at 158-59. The applicable statutory factors are whether: (1) "the state claims raise novel or complex issues of state law"; (2) "the state claims substantially predominate over the federal claims"; (3) "the federal claims have been dismissed"; and (4) there are exceptional circumstances or other compelling reasons for the Court to decline to exercise jurisdiction. *Id.* at 159. The related common law factors are: (1) judicial economy; (2) convenience; (3) fairness; and (4) comity. *Id.*

Here, the balance of the statutory and common law factors weighs in favor of the Court declining to retain jurisdiction over Plaintiff's remaining state law claims. Procedurally, this case is still in its relative infancy—no discovery has occurred, and the Court has not expended any time on a determination of the merits. As such, judicial economy favors remand. *Id.* Further, "there is no indication that the district court [has] any 'substantial familiarity' or [is] intimately familiar with the Texas state law claims at such an early stage of the litigation." *Id*. at 159-60 (quoted case omitted). Moreover, if this recommendation is accepted, no claims will remain over which this Court has original jurisdiction.

## V. CONCLUSION

For the foregoing reasons, *Defendant Dallas Independent School District's Motion to Dismiss Plaintiff Luke Nuttall's Second Amended Complaint,* Doc. 55, should be **GRANTED IN PART**. Plaintiff's FSLA claim should be **DISMISSED WITH PREJUDICE**, and his

6

remaining state claims should be **REMANDED** to the 116th Judicial District Court of Dallas County, Texas.

    **SO RECOMMENDED** on February 17, 2023.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). An objection must identify the finding or recommendation to which objection is made, the basis for the objection, and the place in the magistrate judge's report and recommendation the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), modified by statute on other grounds, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).